ELLEN MARTIN, APPELLANT, *v.* WILLIAM CAHILL, RESPONDENT.

*Negligence — when damages cannot be recovered for injuries sustained by a child unnecessarily exposing itself to danger.*

This action was brought to recover damages for injuries sustained by the plaintiff's daughter, a child nine years old, in falling from a painter's scaffold. The defendant's men, while painting a tenement house, had left a scaffold hung from the gutter in the ordinary way, some two or three feet below the window of a room occupied by the plaintiff, while waiting for the first coat of paint to dry.

The daughter got out of the window, let herself down upon the scaffold and accidently fell from it to the ground, thereby sustaining injuries. She had been warned against the hazard of getting upon the scaffold, and her fall was not occasioned by any insecurity or defect in it.

*Held*, that a nonsuit was properly directed.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit ordered at the Kings county circuit.

This action was brought by the plaintiff to recover the sum of $10,000 damages for the loss of services and the expense of caring for a child nine years of age, who, as alleged, fell from a painter's scaffold and was injured on the 16th of August, 1882. Plaintiff lived in a tenement house at 304 Henry street, Brooklyn. She had three children. The youngest child, the one alleged to have been injured, was nine years of age. The others were aged twelve and fifteen years respectively. The plaintiff had three rooms on the front and lived two flight of stairs from the street.

On the day in question, one of the children, Ellen Martin, aged about nine years, climbed up on the window-sill of her own room, on the inside, a distance of two or three feet, and then climbed down on defendant's scaffold, which was fastened about two or three feet under the sills of the windows, resting on the awning rafters in front of the building. A neighbor's child was on the scaffold also. They were seen there in the morning and were driven off. They were cautioned of the danger and warned by defendant and others not to go on it again. They had no right there. They did go on again later in the evening of that day, and the child, Ellen Martin, fell off, and sustained the injuries complained of in this action.

The defendant was employed by the landlord to paint the outside of the premises, and for this purpose had used the usual swing scaffold. It was fastened, was safe, and nothing broke or gave away at the time of the accident, and it is not claimed that the scaffold by breaking or falling caused the accident, or that it was out of order or that it was not a safe and suitable one for the purpose. The work was to have two coats of paint. One coat had been put on the day before the accident, and the scaffold was fastened on top of the awning rafter, so as to allow the first coat of paint to dry before the other coat was put on.

*Chas. J. Patterson*, for the appellant.

*Patrick Keady*, for the respondent.

BARNARD, P. J.:

This case falls within the case of *McAlpin* v. *Powell* (70 N. Y., 126). A landlord was bound to keep in repair fire-escapes. It was used by a child as a balcony, and it was held that the child had

no right to go upon the platform of the fire-escape, and that he was there for no legitimate purpose, and that no action would lie for his injury by reason of the insecurity of the platform. This case is much stronger. The defendant is a house painter, and was employed to paint a house. He had hung his scaffolding from the gutters in the ordinary way and had painted the house one coat. While waiting for the paint to dry before he could put on a second coat of paint, he left the scaffolding hanging some two or three feet below the window of the room occupied by the plaintiff. Her daughter and another girl were warned against the hazard of getting on the scaffold, but later in the day the plaintiff's daughter got out through the window and let herself down in some way upon the scaffold and accidently fell from it to the ground and was injured. The fall was occasioned by no insecurity or defect in the scaffold itself. Certainly the child had no right to go upon the scaffold, and was there for no legitimate purpose in the case presented. If the platform of a fire-escape presented no invitation recognized by law for children to use, certainly a ladder hung horizontally under a window of a house by painters furnished none, even to very young children. It was no greater indication that it was designed for general use " than the roof of a stoop or piazza which projects under the window of a dwelling-house," as stated by the Court of Appeals in *McAlpin* v. *Powell*.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.